# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>JANE DANIEL<br><br>        Debtor | Chapter 7<br>Case No. 13-16365-MSH |

### MEMORANDUM AND ORDER ON THE DEBTOR'S EMERGENCY EX-PARTE MOTION TO ENFORCE THE AUTOMATIC STAY

Before me is the motion of the debtor, Jane Daniel, for an *ex-parte* determination[1] that one of her creditors, Vera Lee, willfully violated the automatic stay in effect as a result of this bankruptcy case when Ms. Lee caused to be recorded a judgment lien against Ms. Daniel's interest in real property located at 4 Hovey Street in Gloucester, Massachusetts. Ms. Daniel in her motion also seeks a declaration that the lien is void *ab initio* and an order awarding her costs and attorneys' fees.

For the reasons that follow, I must deny Ms. Daniel's motion. Before getting to those reasons, however, it is necessary to recount in some detail the Byzantine history of the parties' relationship. All relevant facts are taken from the undisputed allegations and supporting material in the pleadings, affidavits and exhibits filed in support of and in opposition to Ms. Daniel's motion.

---

[1] Ms. Daniel's request that her motion be treated on an emergency *ex parte* basis was denied by order dated June 15, 2016.

On January 29, 1999, Ms. Daniel and her then-husband, Robert Nickse, acquired joint title to the Hovey Street property.[2] Ms. Daniel and Mr. Nickse subsequently divorced. They entered into a separation agreement in their divorce proceeding on July 24, 2007, which provided that the Hovey Street property would be sold within one year and that the net sale proceeds would be divided 70%, with a minimum of $300,000, to Ms. Daniel and 30%, up to a maximum of $250,000, to Mr. Nickse.[3] The separation agreement was incorporated into a divorce judgment entered by the Essex County Probate and Family Court on August 23, 2007. The probate court judgment provided that Ms. Daniel could continue to reside at the Hovey Street property until its sale but that she would be required to pay all mortgage, tax, insurance, and other property related expense obligations during her residency.[4]

Beginning in 1998, Ms. Daniel became embroiled in a bitter court battle with Ms. Lee over the parties' rights in a Holocaust survivor's astonishing saga of endurance, entitled *Misha: A Memoir of the Holocaust Years.* Ms. Daniel, whose company held publishing rights to the work, had contracted with Ms. Lee to assist the author as a ghostwriter. What began as a donnybrook over the rights to an odds-on best seller ended in mortification when it was revealed after publication and during litigation that the whole story was a hoax.[5] In any event, Ms. Lee ultimately prevailed in the litigation. On April 17, 2002, she was awarded a judgment against Ms. Daniel in excess of $11 million by the Middlesex County Superior Court. By the time Ms. Daniel had exhausted all appeals and the court issued its execution on the judgment on June 22,

---

[2] This court ruled in *Robert Nickse v. Jane C. Daniel and John J. Aquino, Ch. 7 Trustee*, Case No. 14-01038 (Judgment Entered 6/12/2015), that the deed recorded in the registry on January 29, 1999 is the operative deed defining ownership in the Hovey Street property.
[3] Separation Agreement and Probate Court Judgement, attached as "Exhibit A" at Docket #90.
[4] *Id.*
[5] For a detailed narrative of the backstory involving *Misha*, see *Mt. Ivy Press, L.P. v. Defonseca*, 85 Mass. App. Ct. 241, 241–46, 8 N.E.3d 302, 303–06 (2014).

2005, the judgment had grown to $21,565,816.24. The execution was placed in the hands of a sheriff who levied against Ms. Daniel's interest in the Hovey Street property by recording the execution in the Essex County Registry of Deeds on July 5, 2005,[6] and then suspending further action on the levy.[7] This process resulted in a judgment lien in favor of Ms. Lee on Ms. Daniel's interest in the property.[8]

Ms. Lee's attempts to recover payment on her judgment went unrequited and as a result she instituted a supplementary process action against Ms. Daniel in the Gloucester District Court. During the course of that action, Ms. Daniel was ordered incarcerated on two separate occasions for failing to obey court orders that she pay Ms. Lee.[9] Eventually, in an attempt to settle the matter, Ms. Daniel and Ms. Lee entered into an agreement on August 16, 2007, which they filed in the district court suit. The settlement agreement provided (consistent with the probate court's divorce judgment) that the Hovey Street property be sold. It also provided that Ms. Lee would receive the net sale proceeds after payment of various expenses including some payment to Ms. Daniel.[10] But, despite Ms. Daniel's agreement in both her divorce proceeding and in the supplementary process proceeding, she did her best to see to it that the property would not be sold.[11]

---

[6] Execution Civil Docket #MICV1998-02456, attached as page 1 of "Exhibit A" at Docket #138.
[7] Statement from the Essex County Sheriff's Department Division of Civil Process, attached as page 2 of "Exhibit A" at Docket #138.
[8] Mass. Gen. Laws ch. 236, § 4.
[9] Vera Lee's Motion for Relief From Stay and/or Alternative Other Relief at Docket #138, *see also* Debtor, Jane Daniel's Memorandum of Facts and Law in Support of Finding a Willful Violation of Automatic Stay and Damages at Docket #196.
[10] Settlement Agreement, attached as "Exhibit B" at Docket #138.
[11] Order on Complaint for Civil Contempt Docket No. ES 06E 0061 GCI, attached as "Exhibit B" at Docket #191.

In fact, the Hovey Street property was not sold until 2016. In the meantime, Ms. Lee had neglected to "bring forward" her 2005 levy of execution against the Hovey Street property as required by Massachusetts law.[12] As a result, her 2005 levy and judgment lien on the still unsold property expired by operation of law on June 2, 2011.[13]

When Ms. Daniel filed her bankruptcy petition on October 31, 2013, the still unsold Hovey Street property became an asset of her bankruptcy estate. On December 10, 2014, the chapter 7 trustee formally abandoned any interest of the bankruptcy estate in the property.[14] On August 19, 2015, both Mr. Nickse[15] and Emigrant Bank, which held a mortgage on the property,[16] received relief from the automatic stay to exercise their respective rights. Emigrant Bank was granted relief to foreclose its mortgage on the Hovey Street property and Mr. Nickse "to enforce the Probate Court Order and Judgment in Probate Court," including taking

---

[12] Creditor's Statement of Undisputed Facts in Support of Motion for Summary Judgment to Deny Debtor Homestead Exemption at Docket #123, page 3.
[13] "If a levy on execution shall not have been completed by set-off under the provisions of sections six to twenty-three, inclusive, or by sale under the provisions of sections twenty-six to thirty, inclusive, within six years from the date on which notice of the execution was deposited in a registry of deeds under the provisions of section four, the levy if otherwise then valid shall be void as to any land within such registry district unless within said six-year period it shall be brought forward in such registry of deeds in the manner provided in section one hundred and fourteen A of chapter two hundred and twenty-three for bringing forward attachments of real estate. In case a levy becomes void under the provisions of this section the creditor may resort to any other legal remedy for the satisfaction of his judgment." Mass. Gen. Laws. ch. 236, § 49A.
[14] Notice of Intent to Abandon 4 Hovey Street, Gloucester, Massachusetts at Docket #59.
[15] Order granting Motion by Robert Nickse for Relief From Automatic Stay at Docket #94.
[16] Order granting Emigrant Bank's Motion for Relief From Automatic Stay at Docket #93. Mortgage and Loan documents attached as exhibits B and C. Mortgage documents attached as "Exhibit 4" at Docket #191.

possession of the property, evicting Ms. Daniel, and selling it.[17] Ms. Daniel's claimed exemption in the property had been disallowed on May 4, 2016.[18]

Having been granted stay relief, Mr. Nickse revived his efforts to achieve a sale of the Hovey Street property. Ms. Daniel, however, continued her obstructionism, compelling Mr. Nickse to seek an order of contempt against Ms. Daniel in their divorce proceeding. By orders dated December 22, 2015[19] and February 19, 2016,[20] the probate court found Ms. Daniel in contempt for failing and refusing to sell or vacate the Hovey Street property and appointed a commissioner with power to "convey all the right, title, and interest" in the Hovey Street property "standing in the name of the [Ms. Daniel]..."[21]

In fairly short order, the commissioner and Mr. Nickse found two individuals willing jointly to purchase the Hovey Street property. On March 4, 2016, the probate court authorized the commissioner to sell the property to the purchasers for a price of $800,000 and authorized "payment from the sale proceeds of such amounts she deems sufficient to pay off all mortgages, liens and encumbrances…"[22]

In the course of their due diligence the buyers became aware of Ms. Lee's 2005 judgment lien on the property. Despite the fact that Ms. Lee's lien had lapsed by operation of law, the buyers, with the support of their attorney and title insurer, announced that without a release of Ms. Lee's 2005 lien, title to the Hovey Street property was defective and uninsurable and they

---

[17] Motion by Robert Nickse for Relief From Automatic Stay at Docket #90.
[18] Order granting Creditor Vera Lee's Motion for Summary Judgment to Deny Debtor Homestead Exemption at Docket #133, *see also* Order denying Debtor, Jane Daniel's Motion to Vacate and Reconsider Order of Summary Judgment at Docket #147.
[19] Appointment of Commissioner Under Rule 70 attached as "Exhibit A" at Docket #192.
[20] Order on Complaint for Civil Contempt attached as "Exhibit B" at Docket #192
[21] Appointment of Commissioner Under Rule 70 attached as "Exhibit A" at Docket #192..
[22] March 4, 2016 Probate Court Order attached as "Exhibit C" at Docket #192.

would not close.[23] An affidavit of Mr. Nickse's lawyer, Orestes Brown, filed in this case states that "at all times relevant to the sale of the property, Buyers' counsel and Buyers' Title Insurers insisted that release of [Ms. Lee]'s [2005 judgment lien] was a prerequisite to closing."[24]

On May 18, 2016, Ms. Lee filed in this chapter 7 case her own motion for relief from stay with respect to the Hovey Street property. In her motion she stated that the current status of her lien on the property was in question because she had failed to bring it forward within six years of its inception in 2005. She also stated that the commissioner appointed by the probate court to sell the property was unable to close a sale because the purchasers insisted that Ms. Lee release her lien as a precondition to closing. Against that backdrop, and in light of the trustee's prior abandonment of the property and the court's disallowing Ms. Daniel's attempt to exempt her interest in it, on May 19, 2016 I entered an endorsement order lifting the stay as follows:

> The chapter 7 trustee having abandoned the estate's interest in the property at 4 Hovey Street, Gloucester, Massachusetts, so that it is no longer property of the chapter 7 estate and the court having sustained Vera Lee's objection to the debtor's homestead exemption in said property, the motion for relief from the automatic stay is granted so that Ms. Lee may take actions to assert, levy and realize upon Ms. Lee's lien against the interest of the debtor in the property located at 4 Hovey Street, Gloucester, Massachusetts.

On May 23, 2016, Ms. Lee obtained from the Middlesex County Superior Court a replacement execution on her 2002 judgment identical to the 2005 original.[25] On May 24, 2016, Ms. Lee caused the sheriff to levy and suspend on her replacement execution by recording it

---

[23] Email from Philip Lake, Esq., attached as "Exhibit D" at Docket #192.
[24] Affidavit of Orestes G. Brown, Esq. in Support of Vera Lee's Opposition to Debtor's Motion to Enforce Automatic Stay, page 4 at Docket #192..
[25] May 24, 2016 Writ of Execution on Money Judgment, attached as "Exhibit 2" at Docket #191. Under state law, unlike her judgment lien, Ms. Daniel's 2005 execution remained valid for twenty years from the date of its issuance. Mass. Gen. Laws Ann. ch. 260, § 20 (West). At a hearing on this matter, Ms. Lee's attorney stated that the reason Ms. Lee needed a replacement execution was because the original execution had been lost.

against the Hovey Street property at the registry of deeds. This is the act Ms. Daniel says was a stay violation.

On June 6, 2016, the commissioner appointed by the probate court to sell the Hovey Street property filed with that court a Motion for Authority to Pay Certain Real Estate Liens or in the Alternative for Instructions. The motion stated that even before Ms. Lee had obtained and levied on her 2016 replacement execution, counsel for the buyers of the Hovey Street property had determined that her 2005 levy constituted a valid lien on the property[26] despite the fact that it had expired by operation of law in 2011. The motion stated that the buyers' counsel and their title insurer had determined that notwithstanding the lapsed lien, "the Property title was nevertheless uninsurable without a release from Ms. Lee" of her 2005 lien in addition to her new 2016 lien.[27] The commissioner reported in her motion that Ms. Lee had agreed to release both liens in exchange for a payment to her at closing plus the escrowing of any amounts that might be due Ms. Daniel.

On June 7, 2016, the probate court issued an order directing that in exchange for Ms. Lee's releasing her liens the commissioner was to pay Ms. Lee $150,000 at the sale closing and, at her discretion upon agreement with Ms. Lee, the commissioner was to escrow any remaining net sale proceeds.[28]

Finally, on June 15, 2016, almost nine years after the divorce decree ordering the property be sold, the sale of the Hovey Street property closed.[29] The commissioner and Mr.

---

[26] Commissioners Motion for Authority to Pay Certain Real Estate Liens or in the Alternative for Instructions filed in Probate Court, para. 5 attached as "Exhibit D" at Document #165.
[27] *Id*. at para. 6.
[28] Clarification of Order Dated March 4, 2016, attached as "Exhibit E" at Docket #192.
[29] U.S. Department of Housing and Urban Development Settlement Statement (hereinafter "HUD Statement), attached as "Exhibit 3" at Docket #191.

Nickse executed the deed to the buyers and Ms. Lee executed a release of her liens against the property[30] and received payment of $150,000.[31] The HUD settlement statement from the sale indicates that after payment of closing costs and liens against the property, including Ms. Lee's liens,[32] the net sale proceeds payable to the sellers totaled $153,208.80.[33] In accordance with the probate court's instructions, the commissioner has been holding the net sale proceeds in escrow.

In her motion to enforce the automatic stay, Ms. Daniel claims that my May 19, 2016 order granting Ms. Lee stay relief was not sufficiently broad to cover Ms. Lee's May 24, 2016 recording of the replacement execution to create a new judgment lien on the Hovey Street property and thus Ms. Lee's actions violated the stay. She maintains that the words in the order, "Ms. Lee may take actions to assert, levy and realize upon Ms. Lee's lien against the interest of the debtor in the property," conferred stay relief *only* to enforce her 2005 lien.

Ms. Daniel's reading of my order is overly simplistic and crabbed. The order must be understood in context. At the time it was entered, the Hovey Street property was no longer property of Ms. Daniel's bankruptcy estate, the chapter 7 trustee having abandoned it in 2014. Ms. Daniel's claimed exemption in the property had been disallowed. Thus there was no bankruptcy-related interest remaining in the Hovey Street property.[34] Against this backdrop Ms.

---

[30] Ms. Lee's counsel attested in court that Ms. Lee executed and delivered a release of her lien against the Gloucester property.

[31] Official hearing transcript of Motion filed by Creditor Vera Lee for Summary Judgment, page 16 at Docket #148.

[32] On June 25, 2016, Ms. Daniel's counsel stated in a hearing that he believed the $150,000 had already been turned over to Ms. Lee. Docket #188. Mr. Nickse's counsel stated in his affidavit that he "filed a motion with the Probate Court requesting that the Probate Court order disbursement of the entire net sale proceeds from sale of the Property to Mr. Nickse." Docket #192, page 5.

[33] HUD Statement.

[34] Thus, under Bankruptcy Code §362(c)(1), there was no longer any stay in effect as to acts against the Hovey Street property as property of the bankruptcy estate. To the extent Ms. Daniel

Lee filed her motion to be relieved from the automatic stay to exercise her judgment lien rights in the Hovey Street property, disclosing in her motion that the validity of her 2005 lien was in question. By authorizing her to "assert, levy and realize" on her lien, my order freed her to "assert" a lien by "levy[ing]" against the Hovey Street property her 2002 execution in order to "realize" partial payment of her judgment. This is how Ms. Lee reasonably interpreted my order and this is precisely what she did by re-recording the replacement execution issued on the 2002 judgment and by delivering to the Hovey Street buyers releases of both liens.

Assuming her 2005 judgment lien was unenforceable (something the Hovey Street buyers, their counsel and title insurance company were not prepared to acknowledge), Ms. Lee's obtaining a new judgment lien in 2016 might raise questions as to the validity of such a lien vis a vis a bona fide purchaser or a bankruptcy trustee. It does not, however, constitute a willful violation of the automatic stay in light of my May 19, 2016 order. Since there was no stay violation, the 2016 lien was not void *ab initio* under established legal precedent in the First Circuit[35] and Ms. Daniel is not entitled to recover any costs and fees.

Ms. Daniel's motion is DENIED.

At Boston, Massachusetts this 23rd day of February, 2017.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

---

retained an ownership interest in the property, actions against it remained stayed pursuant to Bankruptcy Code §362(a)(5). *In re Gassaway*, 28 B.R. 842 (Bankr. N.D. Miss. 1983).
[35] *See In re Soares,* 107 F.3d 969, 976 (1st Cir.1997).

Counsel Appearing:   Frank J. Frisoli, Esq.
                     Frank J. Frisoli, PC
                     Cambridge, MA
                     for Vera Lee

                     Peter R. Kaplan, Esq.
                     Law Offices of Peter R. Kaplan, PC
                     Salem, MA
                     for Jane Daniel